# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JEROME WILLIAMS,<br><br>　　　　Petitioner<br><br>　　v.<br><br>SUPERINTENDENT, INDIANA<br>STATE PRISON,<br><br>　　　　Respondent. | Civil Action No. 3:12-CV-178 JVB |

## MEMORANDUM AND ORDER

　　Jerome Williams, a prisoner confined at the Indiana State Prison, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2001 Marion County convictions for murder, attempted robbery, carrying a handgun without a license, and dangerous possession of a handgun, for which he was sentenced to sixty-five years' imprisonment. This case is before the Court on Petitioner's amended petition for writ of habeas corpus (DE 13) in which he asserts a denial of effective assistance of appellate counsel.

　　On direct appeal, Petitioner presented five claims: (1) the trial court abused its discretion when it allowed two witnesses to testify to what the victim told them in the emergency room after the shooting; (2) the trial court abused its discretion when it allowed the medical examiner to testify as to why some of the victim's organs were not harvested; (3) trial court abused its discretion by reading the instruction referring to accomplice liability to the jury; (4) evidence was insufficient to support his conviction; and (5) his sentence was unreasonable. (DE 21-3 at 2.) The Court of Appeals of Indiana affirmed his conviction and sentence on February 7, 2003, (DE 21-5) and the Indiana Supreme Court denied transfer on April 10, 2003. (DE 21-2 at 3.)

Petitioner filed a petition for post-conviction relief, which the trial court denied. Petitioner raised two issues on his appeal of that decision. He claimed his trial counsel was ineffective for failing to argue self-defense on his behalf, and that his appellate counsel was ineffective for failing to contend the trial court abused its discretion in denying Petitioner's request for the replacement of his trial counsel. The Indiana Court of Appeals affirmed the denial of post-conviction relief on August 8, 2011.

In his amended petition for writ of habeas corpus, Petitioner raised a single claim: that his appellate counsel was ineffective because it "waived the issue of the trial court's refusal to appoint new counsel." (DE 13.)

This petition is governed by the provisions of the Anti-Terrorism and Death Penalty Act of 1996, which allows a district court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In reviewing a petition for federal collateral relief from a state court judgment of conviction, this Court must presume as correct the facts as found by the state courts. 28 U.S.C. § 2254(e)(1). Moreover, Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. *Id.*

Petitioner presented his claim for ineffective assistance of appellate counsel to the Court of Appeals of Indiana in his appeal of denial of post-conviction relief, and the Court concluded that "appellate counsel's performance was not deficient as the breakdown of communications claim was not as strong as the issues actually raised on direct appeal" (DE 21-10 at 11.)

Respondent asserts the Court of Appeals of Indiana was reasonable in finding that appellate counsel was effective.

A claim for ineffective assistance of counsel requires Petitioner to establish that his counsel's performance fell below an objective standard of reasonableness, and that this deficiency actually caused prejudice. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). To satisfy the first prong, a habeas applicant must show counsel made errors so serious that counsel's representation fell below the standard guaranteed by the Sixth Amendment. *Williams v. Taylor*, 529 U.S. 362, 390 (2000). In considering counsel's performance, a reviewing court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. To satisfy the *Strickland* test's second prong, a habeas petitioner must show a reasonable probability the result of the proceeding would have been different, but for counsel's unprofessional errors. *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

> The failure of appellate counsel to raise an issue on appeal requires the court to compare the issue not raised in relation to the issues that were raised; if the issue that was not raised is "both obvious and clearly stronger" than the issues raised, the appellate counsel's failure to raise the neglected issue is objectively deficient.

*Sanders v. Cotton*, 398 F.3d 572, 585 (7th Cir. 2005) (quoting *Lee v. Davis*, 328 F.3d 896, 900–01 (7th Cir. 2003)).

In its review of Petitioner's appeal of the denial of post-conviction relief, the Indiana Court of Appeals properly identified the *Strickland* standard as governing the resolution of his ineffective assistance of appellate counsel claim. (DE 21-10 at 6.) To support a claim of ineffective assistance of counsel on habeas review, a petitioner must show that the state court's

3

application of *Strickland*'s attorney-performance standard was objectively unreasonable. *Bell v. Cone*, 535 U.S. 685, 702 (2002).

The Court of Appeals of Indiana found as follows regarding Petitioner's argument that his appellate counsel was ineffective for failing to claim the trial court abused its discretion by denying his request for the replacement of his trial counsel:

> In the case before us, Williams asserts that trial counsel refused to give him all discovery materials that he believed he should have been given; that trial counsel did not consult with him as much as he wanted to; that trial counsel did not pursue a defensive strategy that Williams insisted on; and that trial counsel did not adequately investigate the case and prepare for trial. In sum, Williams states that these disagreements resulted "in a complete breakdown of communications[.]" (Appellant's Br. p. 42). Evaluating these allegations, we believe that Williams did not raise an actual conflict of interest but rather expresses dissatisfaction with trial counsel's handling of the case. Moreover, the trial court conducted a hearing on Williams's request for dismissal of his trial counsel on June 13, 2001 and Williams orally addressed the trial court with respect to that issue. The trial court denied the request. Based on this evidence, we find appellate counsel's performance not deficient as the breakdown of communications claim was not as strong as the issues actually raised on direct appeal.

(DE 21-10 at 10–11 (footnote omitted).)

In his traverse, Petitioner argues the Indiana Court of Appeals "improperly viewed the failure to appoint new counsel issue under the premise that it was a conflict of interest issue" (DE 27 at 2), when actually "the issue as raised within the amended petition is one of 'dissatisfaction' with counsel's representation. Petitioner contends that this seemingly small error acted as a distraction, which enabled the state court to 'smother' the facts altogether." (*Id.* at 3.) He further argues that "a proper factual determination shows that the failure to appoint new counsel issue, is clearly stronger than the issues raised on the direct appeal" (*Id.*).

A federal court may grant habeas relief under the "unreasonable application" clause if the state court identifies the correct legal principle from Supreme Court precedent but

4

unreasonably applies it to the facts of the petitioner's case. *Wiggins v. Smith*, 539 U.S. 510, 520 (2003). To warrant relief, a state court's decision must be more than incorrect or erroneous; it must be "objectively unreasonable." *Id.* at 520–21.

In his traverse, Williams argues the Indiana Court of Appeals improperly viewed his disagreement with his trial counsel as a "conflict of interest" rather than as "dissatisfaction" with his counsel's representation. (DE 27 at 2–3). But that Court's memorandum of its decision establishes the Court believed that rather than raising a conflict of interest claim, Petitioner expressed "dissatisfaction with trial counsel's handling of the case" (DE 21-10 at 10.) Accordingly, the Indiana Court of Appeals did not misapprehend Petitioner's claim.

Petitioner also argues that his claim that his failure to appoint new counsel claim, is stronger than the issues raised on the direct appeal. But the post-conviction court concluded that this claim had no merit, and the Court of Appeals of Indiana concluded that it had less merit than claims presented in Petitioner's direct appeal. Under *Strickland*, a reviewing court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. 466 U.S. at 689. To satisfy the *Strickland* test's prejudice prong, a habeas applicant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.* at 694. Nothing in the record before this Court suggests that the outcome of Petitioner's direct appeal would have been different if his appellate counsel had raised the trial court's refusal to appoint different trial counsel instead of, or in addition to, the issues actually raised on appeal. The Indiana Court of Appeals did not unreasonably apply the principles of *Strickland v. Washington* to the facts of Petitioner's case, and the state court's decision was not "objectively unreasonable." *Wiggins v. Smith*, 539 U.S. at

520.

Petitioner has failed to show that a claim that the trial court should have appointed new counsel has any merit, let alone that this claim is stronger or stronger than the issues his appellate counsel raised on appeal. Accordingly, Petitioner has not carried his burden to show that the Indiana Court of Appeals acted contrary to clearly established federal law or that the state court's application of *Strickland*'s attorney-performance standard was objectively unreasonable.

Pursuant to RULE 11 OF THE RULES GOVERNING SECTION 2254 CASES, the Court must consider whether to grant Petitioner a certificate of appealability. To obtain a certificate of appealability, a habeas petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations and citation omitted).

The Court concludes Petitioner is not entitled to relief. And he has not established that jurists of reason could debate the correctness of these rulings or find a reason to encourage him to proceed further. Accordingly, the Court declines to issue him a certificate of appealability.

For the reasons set forth above, the Court **DISMISSES** the amended petition (DE 13), **DIRECTS** the Clerk to close this case, and **DENIES** a certificate of appealability. Petitioner's motion for an evidentiary hearing (DE 36) is **DENIED**, because the Court was able to decide the case on the basis of the state court record.

**SO ORDERED** on January 11, 2013.

                                                                 <u>s/ Joseph S. Van Bokkelen</u>
                                                                  JOSEPH S. VAN BOKKELEN
                                                                  UNITED STATE DISTRICT JUDGE